NOT DESIGNATED FOR PUBLICATION

No. 129,394

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DANIELLE ELIZABETH ORTIZ,
*Appellant*.

MEMORANDUM OPINION

Appeal from Jackson District Court; NORBERT C. MAREK JR., judge. Submitted without oral argument. Opinion filed July 2, 2026. Remanded with directions.

Submitted by the parties for summary disposition pursuant to K.S.A. 21-6820(g) and (h).

Before SCHROEDER, P.J., GARDNER and CLINE, JJ.

PER CURIAM:  In a global plea agreement combining three cases, Danielle Elizabeth Ortiz pled guilty to possession of methamphetamine, felony theft, and domestic battery. The State dismissed several other charges in exchange for Ortiz' guilty pleas. Based on Ortiz' criminal history score of H, her two felony convictions were presumptive probation, with the possession of methamphetamine being designated as the primary offense. See K.S.A. 21-6804(a); K.S.A. 21-6805(a).

The district court sentenced Ortiz to 13 months' imprisonment for possession of methamphetamine; a consecutive 6-month imprisonment sentence for felony theft; and a concurrent term of 6 months in county jail for domestic battery. The district court then

1

suspended Ortiz' sentences, ordered her to serve a 56-day jail sanction, and placed her on probation for 18 months.

Ortiz timely appeals, arguing the journal entry of judgment has clerical errors that do not correctly reflect the sentence pronounced from the bench. Ortiz claims the journal entry of judgment mistakenly shows under count 1—possession of methamphetamine— she is subject to 60 months' postrelease supervision for a sex offense. Under the sentence recap in the journal entry of judgment, the boxes are checked for 12 months' postrelease supervision and 60 months' postrelease supervision for a sex offense. The district court did not discuss postrelease supervision at the sentencing hearing, but, because Ortiz' criminal history score was presumptive probation, the district court was not required to pronounce a term of postrelease supervision. See K.S.A. 21-6804(e)(3); K.S.A. 21-6805(c)(3). Even so, the journal entry is incorrect as the district court did not order postrelease supervision and Ortiz was not convicted of a sex offense.

The journal entry also incorrectly reflects which sentence was to run concurrent with and which sentence was to run consecutive to the primary offense. The journal entry shows the domestic battery sentence—which was imposed as concurrent with the other offenses—is consecutive to the primary offense. Likewise, the journal entry shows the felony theft sentence—which was announced as consecutive to the primary offense—is concurrent with the other offenses. The journal entry is also filled out incorrectly in that the misdemeanor offense shows a prison term, rather than a jail term, and the felony theft conviction shows a jail term, rather than a prison term.

We remand to the district court to issue a nunc pro tunc journal entry to reflect the sentences as pronounced from the bench. See *State v. Edwards*, 309 Kan. 830, 835-36, 440 P.3d 557 (2019) (clerical errors may be corrected at any time).

Remanded with directions.